[Sac. No. 4002.  In Bank.—December 24, 1926.]

CITY OF SACRAMENTO (a Municipal Corporation), Petitioner, v. A. E. GODDARD, as Mayor, etc., Respondent.

[1] MUNICIPAL CORPORATIONS — INCURRING BONDED INDEBTEDNESS — ELECTIONS FOR—CONSTRUCTION OF CONSTITUTION. —Section 18 of article XI of the constitution prohibits a city from incurring a bonded indebtedness, such as to provide for the installation of filter-beds in the filtration plant of the city, without the assent of two-thirds of the qualified electors thereof, voting at an election to be held for that purpose, but this section does not contain any permission for or prohibition against the submission of such proposition to the voters at the same election with propositions for other purposes.

[2] ID.— SACRAMENTO CHARTER — CONSTRUCTION OF.— The words "so voting," as used in section 92 of the charter of the city of Sacramento, were intended to, and do, relate back to those electors who vote "Yes" or "No" on any particular bond proposition, and if two-thirds of the electors of the city voting on any separate

----

2.  See 18 Cal. Jur. 886.

proposition vote in favor thereof, the proposition is carried, notwithstanding it receives less than two-thirds of all votes cast at the election

(1) 28 Cyc., p. 1589, n. 54, p. 1590, n. 66.    (2) 28 Cyc., p. 1589, n. 54.

APPLICATION for Writ of Mandate to compel the Mayor of Sacramento to attest and sign certain municipal public improvement bonds. Writ granted.

The facts are stated in the opinion of the court.

R. L. Shinn for Petitioner.

Hinsdale & Otis and Devlin & Devlin for Respondent.

WASTE, C. J.—The City of Sacramento prays for a peremptory writ of mandate directing the respondent, as mayor of the city, to attest and sign certain bonds, issuance of which, it is alleged, was duly authorized by action of the voters. The respondent has demurred to the petition, and raises the question whether or not the bonds were authorized by the requisite number of electors voting therefor.

At a special election regularly called and held for that purpose on the twenty-ninth day of June, 1926, twelve different propositions for the issuance of municipal public improvement bonds, separately designated and stated on the ballots, were submitted to the electors of the City of Sacramento. Among them was one designated as Proposition No. 4, for the issuance of bonds in the sum of $350,000, to provide for the installation of additional filter-beds in the filtration plant of the city, and the purchase and installation of additional equipment for the plant which is a part of the city's water supply system. A total of 9,890 votes were cast at the election. 9,412 votes were cast on Proposition No. 4, 6,298 of which were for the bonds and 3,114 in opposition thereto. It thus appears that 23 more than two-thirds of those voting on Proposition No. 4, but 296 less than two-thirds of all those voting at the election, cast their votes in favor of the bonds for the filtration plant. All the proceedings leading up to and including the election were regular,

but respondent refused to attest the bonds upon the ground, and for the reason, that they had not been authorized by two-thirds of all the votes cast at the election.

[1] Section 18 of article XI of the constitution prohibits a city from incurring a bonded indebtedness, such as that here sought, "without the assent of two-thirds of the qualified electors thereof, voting at an election to be held for that purpose." So far as this provision governs, it is not directly provided that more than one purpose may be submitted at the same election, but such submission is not prohibited. The legislature, however, by a subsequent enactment (Stats. 1901, p. 27), authorized the submission of more than one proposition or purpose at the same election, but provided that it shall "require the votes of two-thirds of all the voters voting at such special election to authorize the issuance of the bonds." It is conceded here that, if the sufficiency of the vote on the filtration bond issue is to be determined in accordance with the provisions of the statute, Proposition No. 4 did not carry. [2] Petitioner, however, relies upon a provision of the Sacramento City charter to support its contention that the bonds received the favorable vote of a sufficient number of the electors. This provision appears to be peculiar to the Sacramento charter, for which reason the question presented in this case is one *de novo,* and is not determined by any of the former rulings of this court. The language of the charter is as follows: "Section 92: The City Council may contract bonded indebtedness as follows: It shall, by order duly passed by Ayes and Noes, recorded in its journal of proceedings, specify the particular purpose for which the indebtedness is to be created, and the amount of bonds which it is proposed to issue . . . The ballot shall be printed 'For the Issue of Bonds. Yes.' 'For the Issue of Bonds. No.' If two-thirds of the electors of the City *so voting* at such election shall vote in favor of issuing bonds, and not otherwise, the City Council may proceed to issue the amount of bonds specified." It is the contention of the petitioner that the use of the words "so voting" (italicized by us) is significant. It claims that the framers of the charter had in mind the statute of 1901, requiring all the votes cast at such an election to be determinative of the requisite number for each particular purpose, and sought to obvi-

ate the statutory restriction by using the words "so voting," thereby making the vote on each proposition the basis of determining whether or not such proposition "so voted" upon was legally assented to by the electors of the city. If that were the purpose, and it seems only reasonable to believe that it was, it was but the forerunner of the action of the voters generally throughout the state at the last general election. The section of the constitution (*supra*) was amended to provide that whenever two or more propositions for incurring any indebtedness or liability are submitted at the same election to the electors of any city, or other specified political subdivision, the votes cast for and against each proposition shall be counted separately, and when two-thirds of the qualified electors, voting on any one of such propositions, vote in favor thereof, such proposition shall be deemed adopted.

We are of the view that the words "so voting," as used in the Sacramento charter, were intended to, and do, relate back to those electors who vote "Yes" or "No" on any particular bond proposition, and that if two-thirds of the electors of the city voting on any separate proposition vote in favor thereof, as was done in the instant case, the proposition is carried. No cases have been called to our attention in which the precise question has had judicial consideration, but an interesting discussion of the subject will be found in *Montgomery County Fiscal Court* v. *Trimble,* 104 Ky. 629 [42 L. R. A. 738, 47 S. W. 773].

Let a writ of mandate issue as prayed for.

Shenk, J., Richards, J., Seawell, J., Sullivan, J., and Curtis, J., concurred.